On June 1, 1979 the court entered the following order:
Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
This case comes before the court on a petition for allowance of attorney’s fees filed by Allan Hull on behalf of himself and the law firm of Harrison, Thomas, Spangen-berg and Hull. Petitioner is attorney of record to the Kickapoo Tribe of Kansas and the Kickapoo Tribe of Oklahoma in the above-entitled case transferred to this court from the Indian Claims Commission, 25 U.S.C. § 70v (1978). He requests a fee of $1,142,713 or 10 percent of the final net judgment of $11,427,130 entered by this court on January 5, 1979. The request is made pursuant to a fixed-fee employment contract between petitioner and the Kickapoo tribes providing for attorney’s fees of 10 percent of the final judgment for services rendered on behalf of the tribes in the above-entitled case. Defendant has offered no objection to the requested fee.
The requested fee in this case is substantially larger than the average fee awarded attorneys in Indian claims cases. Nonetheless, the request is made pursuant to a stipulated-fee employment contract duly approved by the Secretary of the Interior as authorized by statute. 25 U.S.C. § 70n. There is no opposition. An examination of the docket sheet in the underlying case reveals that the case consumed 27 years of petitioner’s time, involved numerous trials on the conflicting claims of many tribes and resulted in a sizeable judgment for petitioner’s clients. Under these circumstances, although the sum is large, we cannot say that it is an unreasonable fee. See Peoria Tribe of Indians v. United States, Docket No. 313, ante at 618. We will grant petitioner’s requested fee.
*688 Petitioner has also requested that he receive, out of the final judgment in this case, $12,520.96 in attorney’s fees which are due him for services rendered these Kickapoo tribes in Indian Claims Commission Docket 316-A. On March 24, 1971, the Commission entered an order allowing attorney’s fees in the above-quoted amount, a figure representing 10 percent of the final award to the Kickapoo Tribe of Kansas and the Kickapoo Tribe of Oklahoma in Docket 316-A. However, a certified copy of this order was not forwarded to the General Accounting Office for payment until December 26, 1978, by which time the entire award of $125,209.61 had been distributed to the tribes. Petitioner now seeks to have the attorney’s fee awarded in Docket 316-A paid out of the final net judgment in this case.
This court has been given jurisdiction over all cases which were pending before the Commission at the time of its dissolution and were thereupon transferred here. 25 U.S.C. § 70v (1978). This court has no jurisdiction over those cases in which the Commission reached a final determination before September 30, 1978. Id. It therefore goes without saying that this court has no jurisdiction over petitioner’s request for attorney’s fees in Docket 316-A, since a final determination in that case was rendered on September 24, 1970, and the case was never transferred here.
Petitioner argues that failure to pay attorney’s fees in Docket 316-A out of the award in Docket 315 will result in a "windfall” to the tribes, since they will have received 100 percent of the award in Docket 316-A, rather than the 90 percent to which they were entitled under contracts of employment. Nothing in this argument negates the conclusion that this court has no jurisdiction over a closed case which was never transferred here.
it is therefore ordered that the petition for award of attorney’s fees in Docket 315 is granted. Allan Hull, the attorney of record, for himself and on behalf of the firm of Harrison, Thomas, Spangenberg and Hull, is awarded attorney’s fees in the amount of $1,142,713, to be paid out of the final judgment of $11,427,130 entered by this court on January 5, 1979, as provided for in the contract of employment and as approved by the Secretary of; the *689 Interior. Petitioner’s request for payment of attorney’s fees in Docket 316-A is hereby denied.